IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
NORTHEASTERN DIVISION

| | |
|---|---|
| TANITIA SANDERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| DECATUR HOUSING ) | CV-14-J-0983-NE |
| AUTHORITY, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

COMES NOW the Plaintiff, Tanitia Sanders, and complains against the Defendant for declaratory, injunctive and other relief as follows:

### JURISDICTION

1. Plaintiff, Tanitia Sanders, is over the age of nineteen years and is a resident of Morgan County, Alabama.

2. Defendant, the Decatur Housing Authority (hereinafter referred to as "DHA"), is a public corporation organized and existing pursuant to the laws of the State of Alabama, with its principal place of business in Decatur, Morgan County, Alabama.

3. This is a complaint seeking declaratory and other relief for deprivation of rights guaranteed to the Plaintiff by 42 USC 1437, the 5th and 14th Amendments to the Constitution, and 42 USC 1983. The Court has jurisdiction under 28 USC 2201 and 2202, 28 USC 1331 and 1343 (a)(3)(4).

4. At all times hereto, Plaintiff was a participant in a public housing program administered by Defendants pursuant to the United States Housing Act, as amended, 42 USC 1437.

### FACTUAL ALLEGATIONS

5. Plaintiff was a participant in the Housing Assistance program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 USC 1437f (hereinafter referred to as "Section 8") as provided by the Department of Housing and Urban Development (hereinafter referred to as "HUD").

6. Under the Section 8 Voucher Program, low income families are given vouchers to assist with rental payments. The recipient is allowed to use these vouchers at any location approved by the housing authority. The Section 8 program is administered by local public housing authorities,

such as DHA, which enter into Annual Contributing Contracts (hereinafter referred to as ACCs) with HUD. Pursuant to the ACCs, subsidies compensate private landlords for the difference between the rent a tenant can afford and the market rental rate. HUD's regulations for the Section 8 program are in 24 CFR 982.

7. On or about January 30, 2014 the DHA placed in the regular United States mail a notice to the Plaintiff which advised her that her Section would be terminated effective February 28, 2014. The notice stated she violated her Housing Choice Voucher and stated on printed lines, "being involved in criminal activity incident occurred 11/21/2013 unauthorize [sic] person in the home; Gregory Watkins." No further notice was provided to the Plaintiff. See Exhibit "A."

8. Based on this notice the Plaintiff requested a hearing on February 2, 2014. See Exhibit "B." On the same day the Plaintiff filed a separate request for copies of the evidence which the DHA planned to use in the hearing. See Exhibit "C."

9. At the Plaintiff's request an informal hearing was held on February 27, 2014 at approximately 11:00 a.m. at the DHA's office. Those present were the Plaintiff, Greg Shelton, the Plaintiff's attorney, Susie Jones, the Plaintiff's DHA caseworker, Josh Sloan, a Decatur police officer uninvolved in the present case, and Mr. Stephen Brown, the Hearing Officer. At this hearing, numerous due process violations were committed against Plaintiff. The DHA presented hearsay evidence and there were no witnesses to the event present. The DHA offered evidence which had previously been requested by the Plaintiff but was never furnished to her. Furthermore, no fair hearing officer was provided and the hearing decision does not comply with applicable federal law and regulations.

10. After the hearing the Hearing Officer issued a decision upholding the DHA's decision See Exhibit "D."

11. DHA failed to provide the Plaintiff with a proper termination notice of her section 8 benefits. The termination notice fails to provide specific allegations as required by federal regulations.

12. The DHA failed to meet its required burden of proof to terminate the Plaintiff's benefits.

13. Defendant has stated they will continue to make the Housing Assistance Payments (hereinafter referred to as "HAP") to the landlord on Plaintiff's behalf until May 31, 2014.

14. Plaintiff has exhausted all administrative remedies as of March 3, 2014.

## DEFENDANT'S ALLEGED VIOLATIONS OF HUD REGULATIONS AND REQUIREMENTS

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of her complaint as through fully set forth therein.

16. The termination of housing assistance payments is based upon reasons not authorized by the Act or the regulations governing the program is without any legal authority and is therefore

arbitrary and capricious and violates the Plaintiff's right to due process of law under the Fourteenth Amendment of the Constitution.

17. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. §§ 1473d(k)(1) and 1437 d(k)(3) because Defendants terminated Plaintiff's housing assistance payments without first advising her of the specific grounds allegedly supporting this action, and Defendants did not provide Plaintiff with an opportunity to examine any documents or records related to the termination as required by 24 CFR 982.555.

18. Pursuant to 24 CFR 982.555(e)(2), "The family must be given the opportunity to examine before the PHA hearing any PHA documents that are directly relevant to the hearing. The family must be allowed to copy any such document at the family's expense. If the PHA does not make the document available for examination on request of the family, the PHA may not rely on the document at the hearing."

19. Pursuant to HUD regulations, the Housing Authority must provide a hearing with an impartial hearing officer. Defendants, in this case, failed to provide an impartial hearing officer.

20. The hearing officer's decision was based completely on hearsay evidence without support. The DHA's entire case was based on documents which were not presented to the Plaintiff prior to the hearing pursuant to her request and upon which they could not rely at trial.

## DEFENDANT'S ALLEGED VIOLATIONS
## OF DENIAL OF DUE PROCESS

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of her complaint as through fully set forth therein. This Cause of Action is brought to 42 U.S.C. § 1983 and the United States Constitution, in particular but not limited to, the Fifth and Fourteenth Amendments thereto.

22. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. § 1983 because Defendants terminated Plaintiff's housing assistance payments without providing her with due process, and denied her adequate notice or a meaningful opportunity to be heard.

23. As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff suffered damages due to mental anguish in an amount to be proven at trial.

24. Plaintiff also seeks declaratory relief to remedy her loss of a housing subsidy that was wrongfully terminated as a result of Defendant's unlawful acts.

## PLAINTIFF'S CLAIM FOR RELIEF

Wherefore the Plaintiff requests that this Court enter the following relief:

25. Assume jurisdiction over this matter.

26. Enter a preliminary injunction prohibiting the Plaintiff's eviction pending the outcome of this matter.

27. Permanently enjoin Defendant from terminating the Plaintiff's housing for her alleged non-compliance of the program.

28. Plaintiff seeks declaratory relief under 28 USC 2201; a compensatory damages and equitable relief under 42 USC 1983; costs of court; and such other relief as may be just and proper to redress Defendant's deprivation of Plaintiff's rights under the U.S. Housing Act of 1937, 42 USC 1437, and her constitutional right to due process secured by the 5th and 14th Amendments to the U.S. Constitution. Plaintiff seeks to restore those benefits retroactive to the date of termination.

29. As a proximate result of the unlawful and unconstitutional acts and omissions of the Defendants, Plaintiff has been threatened with being wrongfully deprived of her housing and she has suffered mental anguish.  The injuries to Plaintiff resulting from the Defendant's violations of Plaintiff's rights are substantial, immediate, and irreparable.

30. Award the Plaintiff's attorneys' fees.

31. Tax costs to Defendant.

32. Grant Plaintiff such other and further relief deemed just and proper.

Respectfully Submitted:

_____
Michael Forton
Attorney for the Plaintiff
Legal Services Alabama
1115-F Church Street
Huntsville, Alabama 35801
(256) 536-9645, ext. 3319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| TANITIA SANDERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| DECATUR HOUSING AUTHORITY, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

### AFFIDAVIT OF PLAINTIFF

My name is Tanitia Nicole Sanders and I am over the age of nineteen years. I reside at 223 Robinson Street, Decatur, Alabama 35601. I have personal knowledge of the facts stated herein.

In approximately summer of 2009 I began participating in Section 8 housing voucher program. The Section 8 program is administered pursuant to the United States Housing Act, as amended, 42 U.S.C. § 1437. I moved into my current home on Robinson and my landlord began taking the Section 8 voucher in December of 2012.

In January of 2014 I received notice that my Section 8 voucher would be terminated. On February 5, 2014 I request an informal hearing and I requested copies of the documents that the Housing Authority planned to use against me. I wrote this on a separate piece of paper. I was never given a copy of any documents.

On February 27, 2014 a hearing was held at which I attended. Stephen Brown was the hearing officer. Approximately five minutes before my hearing began the Housing Authority presented me with twenty pages worth of documents and then took me in to

1

begin my hearing. There was no way I could have reviewed these documents in less than several hours. At the hearing I tried to explain that many of the things in the written report were different that the things I saw and heard on November 21, 2103 and that the police had told me different things than were written down on the reports. A police officer from the Decatur Police was present who was not involved in my case described simply read from the police reports. The officer had no actual knowledge of the events and was in way involved in my case.

  At the hearing the hearing officer acted as the attorney for the Housing Authority. He questioned me and attempted to make me say I had done something wrong. It was clear that he represented the Housing Authority and was trying to justify terminating my benefits.

  At the hearing I learned that the Housing Authority was not trying to evict me because they believed Gregory Watkins lived in my home (as indicated on the notice they sent me) but simply because they believed he had committed a crime in my home. The only contact I have with Mr. Watkins is in relation to our daughter. He has come to my home in the past to visit her and has come and picked up the key to my home on rare occasion to take my daughter back to our house when she visited him. We have not lived together since I've been on Section 8. Neither the Housing Authority nor the police have ever claimed I was involved in any of the activity of which he is accused. I was not even aware of the full range of claims against Mr. Watkins until I received the large packet of documents at my hearing.

  The hearing office upheld the decision to terminate my benefits. The Housing Authority has informed me they will continue to make the Housing Assistance Payments

2

to my landlord on my behalf until May 31, 2014. As a result of the termination of my benefits I will be unable to pay my rent in full each month.

I feel the Housing Authority has denied me my constitutional rights by failing to conduct a proper termination hearing and by failing to follow federal regulations in administering the Section 8 voucher program. I am without any substantial income at this time and the two children I care for and I cannot afford to live without the housing assistance provided by the section 8 program. I will be rendered homeless if the Court does not reinstate my benefits retroactive to the date of termination.

Further the affiant says not.

**I hereby certify that I have read the foregoing Complaint and that the material facts as alleged therein are true and correct to the best of my information and belief.**

_____
Tanitia Nicole Sanders

STATE OF ALABAMA   )
MADISON COUNTY     )

Before me the undersigned, a Notary Public, in and for said County and State, personally appeared, Tanitia Nicole Sanders, who under oath, swore that the matters contained in the foregoing are true and correct to the best of her knowledge information and belief.

SWORN TO and SUBSCRIBED before me this 23 day of May, 2014.

_____
NOTARY PUBLIC
Commission Expires: 8/30/14

3

# Housing Authority of The City of Decatur Alabama

P.O. Box 878     907 10th Avenue NE     Decatur, Alabama 35602
Phone: 256-353-2191     TDD: 800-548-2547     Fax: 256-353-2285

January 30, 2014

TANITIA SANDERS
223 ROBINSON ST SW
DECATUR, AL 35601

Dear TANITIA SANDERS:

The Decatur Housing Authority proposes to terminate your participation in the Section 8 Housing Choice Voucher program effective 2-28-2014, for the following reason(s):

You have violated your Housing Choice Voucher. #4. Obligations of the Family:

*being involved in criminal activity incident occured 11/21/2013 unauthorize person in the home; Gregory Watkins*

You are entitled to an informal hearing at the Housing Authority at which you may be represented, may present and question evidence or witnesses. If you wish to have this hearing, you must request it in writing within ten (10) calendar days of the date of this letter.

~~If you do not request a hearing, or if a hearing upholds the proposed termination, your~~ participation will terminate effective 2-28-2014. Thereafter, you will be responsible for the full rent to the owner which is $699.00.

Should you have any question, please contact *Susie* at 256/353-2191.

Sincerely,

*[signature]*
for Jeffrey L. Snead
Director of Housing

Exhibit "A"



Feb 2, 2014

    I would like to request a hearing for my reason of being terminated from the section 8 program. I've had no involvement in ANY criminal activity. Gregory Watkins is the father of my child, but does not live in my home.

*Tanitia Sanders*

Tanitia Sanders
_____

Exhibit "B"

RECEIVED
FEB 05 2014

Feb. 2, 2014

I also would like to have any documents stating my involvement in the accusations, so I can have this information to give to my attorney.

Thank-you!

*Janitia Sanders*

Exhibit "C"

RECEIVED
FEB 0 5 2014

)
)
**TANITA SANDERS** )
)

## FINDING OF HEARING OFFICER

The parties to this action are the Decatur Housing Authority and Tanita Sanders. On February 27, 2014 the Decatur Housing Authority appeared by and through its agent, Ms. Susie Jones. Tanita Sanders appeared at the hearing along with her attorney, Greg Shelton. Investigator Josh Sloan from the Decatur Police Department was present. The purpose of the hearing was on Ms. Sanders' request for an informal hearing to dispute the termination of her participation in the Section 8 Housing Choice Voucher Program. At this hearing the issue presented to the undersigned for determination was as follows:

Whether Ms. Sanders' Housing Choice Voucher was violated by having been engaged in criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises or allowing an unauthorized person in the home.

The undersigned heard testimony from and received documentary evidence from Ms. Jones. The evidence presented by the Decatur Housing Authority consisted of the termination notice, a police report, a voucher signed by Ms. Sanders setting out the obligations of the family including that members of the family must not, "engage in drug-related criminal activity or violent criminal activity or other criminal activity...," a signed Obligations of the Participating Family form, applicable CFR regulations, Ms. Sanders' request for a hearing, a letter from attorney Greg Shelton, Termination of Assistance to the Family by the Decatur Housing Authority rules, and a hearing notice. The police report outlined a search of Ms. Sanders' home and an arrest of Gregory Watkins. Inv. Sloan, Decatur Police Department, was present at the request of the Decatur Housing Authority. Inv. Sloan testified about the criminal activity and arrest of Gregory Watkins and produced a police report of the facts surrounding the arrest of Gregory Watkins. In response Ms. Sanders submitted testimony from herself. Tanita Sanders did not produce any documents and did not offer any other witnesses.

Testimony and documents revealed that Gregory Watkins was the father of Ms. Sanders' daughter. Testimony and documents also revealed that a search warrant was executed at two homes simultaneously; the home of Mr. Watkins' mother and the home of Ms. Sanders. A quantity of cocaine and a gun was located at Ms. Sanders home. Ms. Sanders testimony indicated that the cocaine and gun were not hers and therefore must have belonged to Mr. Watkins. Ms. Sanders testified that Mr. Watkins did not live with her but that she had given him a key on occasion when he watched there daughter while she was at work.

The Decatur Housing Authority provided all of the documents it presented to the undersigned and to Ms. Sanders' attorney before the hearing began. The undersigned waited to begin the hearing until Ms. Sanders and her attorney reviewed all documents.

Ms. Sanders did not dispute the arrest of Gregory Watkins. Ms. Sanders did not present Mr.

Exhibit "D"

Watkins or any other witness. Now, after reviewing the testimony and documents submitted by both parties, the undersigned hearing officer finds as follows:

The evidence presented by the Decatur Housing Authority in support of its position establishes to the satisfaction of the undersigned, and by a preponderance of the evidence, that Ms. Sanders' voucher was violated and the violation was of important and material provisions of her participation in the voucher program. Specifically, cocaine and a gun were located in her home during a search warrant. Cocaine and a gun in the Sanders' home is a threat to the health, safety or right to peaceful enjoyment of residents and persons residing in the immediate vicinity of the premises. The evidence presented by the Decatur Housing Authority included a police report submitted by the Decatur Police Department concerning the investigation and arrest. The undersigned is satisfied that the information contained in these reports are not biased. It is unlikely the police conducting the investigation and making the arrest had any interest or knowledge in Ms. Sanders' Section 8 voucher.

The undersigned finds that Ms. Tanita Sanders failed to abide by the necessary and reasonable regulations promulgated by HUD and the Decatur Housing Authority for the benefit and well-being of all participants of the voucher program, and that this failure is a material breach in the agreement between Ms. Tanita Sanders and the Decatur Housing Authority. This issue is answered in favor of the Decatur Housing Authority.

A copy of this decision will be mailed to the Decatur Housing Authority and to Ms. Sanders. Ms. Sanders' copy will be mailed both to the address of the subject property and to an alternate address of Mr. Greg Shelton.

DATED the _3rd_ day of March, 2014.

Stephen F. Brown, Hearing Officer for the Decatur Housing Authority