FILED
2014 Sep-22 PM 01:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
NORTHEASTERN DIVISION

| | |
|---|---|
| TANITIA SANDERS, | ) |
| Plaintiff | ) ) ) |
| v. | ) )   COURT NO.: CV-14-J-0983-NE |
| DECATUR HOUSING AUTHORITY, | ) ) ) ) |
| Defendant | ) ) |

## MOTION FOR PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, Tanitia Sanders, by and through her attorney of record, Michael Forton, and moves this Court to grant this her motion for a preliminary injunction. As grounds therefore, the Plaintiff states the following in support of said motion:

### Introduction

1. The Plaintiff (hereafter "Sanders") filed a verified complaint against the Decatur Housing Authority (hereafter "DHA") with this court on May 28, 2014. In said complaint, the Plaintiff requested declaratory and injunctive relief. The verified complaint specifically requested preliminary injunctive relief.

2. Sanders maintains that her claim against DHA is valid. The DHA has clearly violated Sanders's due process rights by wrongfully terminating her section 8 benefits as she plead in some detail in here previously filed verified complaint. The complaint not only contains all the relevant facts but also incorporates numerous legal authorities supporting her complaint against the housing authority. The Plaintiff directs the court to said verified complaint and hereby re-alleges and incorporates herein all maters, facts, evidence, and legal authorities contained therein.

3. Sanders further attaches and incorporates her affidavit and the termination notice sent by her landlord in support of this motion for preliminary injunctive relief.

4. To secure a preliminary injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. See Badri v. Mobile Housing Board, 2011 U.S. Dist. LEXIS 93767 (S.D. Ala. 2011); Carter v. Montgomery Housing Authority, 2009 U.S. Dist. LEXIS 102352 (M.D. Ala. 2009); Taylor v. Decatur Housing Authority, 2009 U.S. Dist. LEXIS 132109 (N.D. Ala. 2009).

## Substantial Likelihood of Success

5. The HACP based its termination of Ms. Saunders' benefits on Ms. Saunders' alleged violation of her family obligations under the Federal Regulations, specifically 24 CFR § 982.551(l) and 24 CFR § 982.553(b), which prohibit members of the "family" from engaging "in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises."

6. The term 'family' does not apply to any and all familial relationships, but specifically refers to "A person or group of persons, as determined by the PHA consistent with 24 C.F.R. §5.403, approved to reside in a unit with assistance under the program. See 'family composition' at § 982.201(c)". 24 C.F.R. 982.4(b).

7. DHA's discretion to deny or terminate Section 8 assistance to a participant is defined and limited by federal regulations. See 24 C.F.R. §§ 882.210. Termination decisions must be made in accordance with these regulations. See, e.g., Ellis v. Ritchie, 803 F.Supp. 1097 (E.D. Va. 1992); Hill v. Richardson, 740 F. Supp. 1393 (S.D. Ind. 1990); Holly v. Housing Authority of New Orleans, 684 F. Supp. 1363 (E.D. La. 1988).

7. DHA at no point in the hearing, nor in the decision of the hearing officer, explains how or why the Plaintiff's benefits should be terminated based on the actions of a guest who is not a "family member." Furthermore, at the hearing on this matter the case worker for the DHA, Susie Jones, admitted that the rules offered did not include the behavior of guests.

8. Where an administrative decision, purportedly based on a specific regulatory provision, does not comport with those regulatory provision, the decision is "otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

9. Sanders would further note that the DHA presented only copies of statutes and police reports containing hearsay which were provided to her lawyer a short time before the hearing and failed to produce any witnesses with first-hand knowledge.

10. Although hearsay may be admissible in administrative hearing there are due process limits on the extent to which an adverse administrative determination may be based on hearsay evidence. *See* Lane v. Fort Walton Beach Housing Authority, 518 Fed. Appx. 904 (11th Cir. 2013).

## Other Preliminary Injunction Factors

11. In another recent case regarding this issue in the Northern District, the Court noted in reviewing a request for a preliminary injunction that

> "while defendant might suffer some harm if a preliminary injunction is granted — because defendant would have to pay plaintiff's benefits when she might not be entitled to them, and because other Section 8 participants might perceive defendant's policy prohibiting drug-related activity to have become less stringent — plaintiff will suffer greater harm (homelessness) if an injunction does not issue. Similarly, while the public does have some interest in not providing housing assistance to individuals who are engaging in drug activity, the public also has an interest in ensuring that individuals receiving public assistance are not rendered homeless without being provided due process. Thus, the only real dispute is with regard to the first requirement for injunctive relief, plaintiff's likelihood of success on the merits of her underlying claims." Taylor v. Decatur Housing Authority, 2009 U.S. Dist. LEXIS 132109, 7-9 (N.D. Ala. 2009).

## Request for Relief

12. Sanders seeks an immediate hearing on her motion and petition for preliminary injunctive relief because she is facing eviction due to the DHA's failure to maintain her section 8 housing benefits.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this honorable court will set this matter for an immediate hearing and grant her motion for preliminary injunctive relief requiring the DHA to continue to provide the Plaintiff her section 8 benefits during the pendency of this action, and for such other and further relief to which she may be entitled:

Respectfully Submitted:

*/s/ Michael Forton*
Michael Forton
Attorney for the Plaintiff
Legal Services Alabama
1115-F Church Street
Huntsville, Alabama 35801
(256) 536-9645, ext. 3319

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the Defendant's attorneys by electric filing this September 22, 2014.

*/s/ Michael Forton*
Michael Forton

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| TANITIA SANDERS, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| DECATUR HOUSING AUTHORITY, | ) ) ) ) | |
| Defendant | ) ) | |

**AFFIDAVIT OF PLAINTIFF**

My name is Tanitia Nicole Sanders and I am over the age of nineteen years. I reside at 223 Robinson Street, Decatur, Alabama 35601. I have personal knowledge of the facts stated herein.

In approximately summer of 2009 I began participating in Section 8 housing voucher program. The Section 8 program is administered pursuant to the United States Housing Act, as amended, 42 U.S.C. § 1437. I moved into my current home on Robinson and my landlord began taking the Section 8 voucher in December of 2012.

In January of 2014 I received notice that my Section 8 voucher would be terminated. On February 5, 2014 I request an informal hearing and I requested copies of the documents that the Housing Authority planned to use against me. I wrote this on a separate piece of paper. I was never given a copy of any documents.

On February 27, 2014 a hearing was held at which I attended. Stephen Brown was the hearing officer. Approximately five minutes before my hearing began the Housing Authority presented me with twenty pages worth of documents and then took me in to

Exhibit "A"

1

begin my hearing. There was no way I could have reviewed these documents in less than several hours. At the hearing I tried to explain that many of the things in the written report were different that the things I saw and heard on November 21, 2103 and that the police had told me different things than were written down on the reports. A police officer from the Decatur Police was present who was not involved in my case described simply read from the police reports. The officer had no actual knowledge of the events and was in way involved in my case.

    At the hearing the hearing officer acted as the attorney for the Housing Authority. He questioned me and attempted to make me say I had done something wrong. It was clear that he represented the Housing Authority and was trying to justify terminating my benefits.

    At the hearing I learned that the Housing Authority was not trying to evict me because they believed Gregory Watkins lived in my home (as indicated on the notice they sent me) but simply because they believed he had committed a crime in my home. The only contact I have with Mr. Watkins is in relation to our daughter. He has come to my home in the past to visit her and has come and picked up the key to my home on rare occasion to take my daughter back to our house when she visited him. We have not lived together since I've been on Section 8. Neither the Housing Authority nor the police have ever claimed I was involved in any of the activity of which he is accused. I was not even aware of the full range of claims against Mr. Watkins until I received the large packet of documents at my hearing.

    The hearing office upheld the decision to terminate my benefits. The Housing Authority has informed me they will continue to make the Housing Assistance Payments

to my landlord on my behalf until May 31, 2014. As a result of the termination of my benefits I will be unable to pay my rent in full each month.

I feel the Housing Authority has denied me my constitutional rights by failing to conduct a proper termination hearing and by failing to follow federal regulations in administering the Section 8 voucher program. I am without any substantial income at this time and the two children I care for and I cannot afford to live without the housing assistance provided by the section 8 program. I will be rendered homeless if the Court does not reinstate my benefits retroactive to the date of termination.

Further the affiant says not.

**I hereby certify that I have read the foregoing Complaint and that the material facts as alleged therein are true and correct to the best of my information and belief.**

_____
Tanitia Nicole Sanders

STATE OF ALABAMA    )
MADISON COUNTY      )

Before me the undersigned, a Notary Public, in and for said County and State, personally appeared, Tanitia Nicole Sanders, who under oath, swore that the matters contained in the foregoing are true and correct to the best of her knowledge information and belief.

SWORN TO and SUBSCRIBED before me this 23 day of May, 2014.

_____
NOTARY PUBLIC
Commission Expires: 8/30/14

3

## NOTICE OF INTENT TO TERMINATE LEASE AND TENANCY

TO: _Mrs Penny Sanders_

YOU ARE HEREBY NOTIFIED that your lease and tenancy on the following described property will be terminated upon your failure to pay rent for said premises within seven days (7) from this notice. As of the date of this notice, you owe rent in the amount of _$2,097.00_ which came due _June, July, + Aug 2014_. Additionally you owe _N/A_ pursuant to your lease agreement. Upon your failure to pay the rent due prior to the date of termination of your lease pursuant to Alabama Code, §§35-9A-426 and 45-9A-421(c) claims may be filed in court against you for possession of the premises, damages for breach of the rental agreement and reasonable attorney fees for willful non-compliance. The property is described as _223 Robinson ST S.W Decatur_, Alabama.

This is an attempt to collect a debt. Any information gained will be used for that purpose. Please be advised that unless I am notified by you within thirty (30) days of any dispute as to this total charge, it will be assumed to be valid. If you notify me within thirty (30) days that a portion of the amount due is incorrect, I will obtain written verification of the outstanding amount and forward a copy to you for your review. Please note that certain action may be taken against you prior to the expiration of the thirty (30) days referred to above.

Dated this the _26th_ day of _August_, 2014.

_[signature: Donnie J. Law]_

### RETURN ON SERVICE

I hereby certify that I served a copy of the foregoing Notice on _____ _Mrs. Penny Sanders_, by delivering a copy of same to his/her/their residence at _223 Robinson ST S.W Decatur, Al_ on this the _26th_ day of _August_, 2014.

Exhibit "B"