IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

TANITA SANDERS,

    PLAINTIFF,

v.                                                                CASE NO.: CV-14-J-983-NE

DECATUR HOUSING AUTHORITY,

    DEFENDANT.

### ORDER

This cause came on the be heard this date on the plaintiff's motion for preliminary injunction (doc. 11) and the defendant's response thereto (doc. 16). The court previously ordered that the trial of this action on its merits was to be consolidated with motion for preliminary injunction. See e.g., *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

At the hearing, plaintiff was present in person and by and through her attorney of record, and defendant was present by and through its counsel of record and also through a representative.  During the plaintiff's case in chief, the plaintiff presented testimony and evidence, and the defendant cross-examined the plaintiff and presented evidence as well.  Upon the conclusion of the plaintiff's case, the defendant moved for a judgment as a matter of law, pursuant to Rule 50, Fed.R.Civ.Pro.

Having considered the issues before the court and the evidence presented, the court finds said motion is due to be granted. The sole issue before this court is whether the plaintiff's due process rights, including adequate notice and the right to be heard were violated at the hearing afforded her on February 27, 2014.[1] *See e.g. Basco v. Machin*, 514 F.3d 1177, 1182 n. 7 (11th Cir. 2008) (holding that the Due Process Clause of the United States Constitution requires welfare recipients be afforded an evidentiary hearing with minimal procedural safeguards before their benefits may be terminated.). The evidence established that the plaintiff was notified of the reasons defendant sought to terminate Section 8 voucher by notice dated January 30, 2014. At her hearing on February 27, 2014, the plaintiff was represented by counsel.

Claims concerning termination of Section 8 vouchers and due process are assessed under the rubric of *Goldberg v. Kelly*, 397 U.S. 254 (1970) *and Basco v. Machin*, *supra*. In *Goldberg,* the Supreme Court established the minimal requirements for due process in the termination of public assistance as follows: 1) timely and adequate notice giving reasons for termination; 2) opportunity to appear at the hearing and to present evidence and question witnesses; 3) the right to

---

[1] The question of whether the plaintiff actually knew that Greg Watkins had placed a gun, cocaine and scales at the home is not before this court.

representation by counsel; 4) the right to an impartial decision maker; 5) the right to have the decision based on rules of law and the evidence presented at the hearing; and 6) the right to a written decision by the decision maker outlining the reasons for the decision. *Goldberg*, 397 U.S. at 267–271. The Court explained, "the pre-termination hearing has one function only: to produce an initial determination of the validity of the welfare department's grounds for discontinuance of payments in order to protect a recipient against an erroneous termination of his benefits." *Id*. at 267.

The hearing provided the plaintiff each of these rights. Regardless of when the plaintiff received defendant's documents supporting its decision to terminate her Section 8 voucher, she was notified no later than February 2, 2014, as to the allegations. Her hearing occurred February 27, 2014. Although the plaintiff suggests that the production of documents to her attorney the evening prior to the hearing was an insufficient amount of time to prepare for the hearing, the court has before it no indication that the plaintiff or her attorney sought more time prior to the hearing to further review those documents. Additionally, the plaintiff testified at that hearing that she had read the documents produced and discussed them with her attorney, and that the documents and discussion had aided her with understanding the issues.

In light of the testimony and evidence presented in open court, the court finds the plaintiff was afforded all the process she was due.

The defendant's motion for judgment as a matter of law is due to be and hereby is **GRANTED**. Judgment is to be entered in favor of the defendant and against the plaintiff on the plaintiff's complaint.

Defendant's motion for reconsideration is deemed **MOOT**.

**DONE** and **ORDERED** this the 18th day of November, 2014.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE