# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

TANITIA SANDERS,

    PLAINTIFF,

v.                                                          CASE NO.: CV-14-J-983-NE

DECATUR HOUSING AUTHORITY,

    DEFENDANT.

## ORDER

Pending before the court is the plaintiff's motion to reconsider (doc. 21). In her motion, the plaintiff argues that the court failed to "explain which regulation the Plaintiff violated in order to have her voucher terminated." (Doc. 21, at 2, ¶ 4). The plaintiff further argues that the evidence presented at the administrative hearing did not establish that "Mr. Watkins .... was actually a household member." *Id*. (emphasis omitted). However, as the court stated in its Order of November 18, 2014, the sole issue before this court was whether or not the plaintiff's due process rights were violated. The court found that the plaintiff received the process she was due.

The plaintiff now asserts that the central issue of this case is whether or not the plaintiff violated the federal regulations and not whether Gregory Watkins' actions would have represented violations if he had lived in the home. (Doc. 21, p. 6, ¶ 15). In a nutshell, the evidence before this court is that the plaintiff had a child with

Gregory Watkins, Mr. Watkins sometimes took care of this child, and that the plaintiff allowed Mr. Watkins access to her home for this purpose. Simultaneous search warrants for plaintiff's home and Gregory Watkins' mother's home were executed by police, and cocaine and a gun were found in the plaintiff's home. The defendant provided the plaintiff notice that her Section 8 voucher would be terminated based on the guns and drugs constituting a violation of her voucher. (Doc. 16-4). The plaintiff asserted at the administrative hearing and before this court that the gun and drugs belonged to Gregory Watkins and not her. The Hearing Officer found that the facts presented demonstrate that the plaintiff's Section 8 voucher was violated. (Doc. 16-8). Plaintiff's disagreement with this evidentiary finding is not evidence that her due process rights were violated.

The plaintiff's motion to reconsider (doc. 21) is therefore **DENIED**.

**DONE** and **ORDERED** this the 16th day of December, 2014.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE